The United States District Court of Southern Ohio

FILED
JAMES BONINI
CLERK

05 MAY 16 PM 12:18

Sam Campbell )
Petitioner )
) Docket NO: CR-1-01-32-06
vs )
) § Motion for Reduction of Setence
) due to Post-Conviction and Post-
U.S. Government ) Setencing Rehabilitation
Resondent )

Now comes, Sam Campbell, defendant in the foregoing action, and herby submits the following setence memorandum in anticipation of issues likely to arise in future hearings.

## I. Departure

Defendant will move for a downward departure from the applicable setencing guidelines on the theory that he has taken a list of extraordinary steps towards rehabilitation while incarcerated since 2001. See U.S.-v-Booker 125 s.ct. 738, 2005 WL 50108 (Jan 12, 2005) Koon-v-U.S., 518 U.S. 81, 113 (1996).
In Booker the Supreme Court held that;...
"The setencing guidelines were advisory only, not manditory".
Also in Koon the Supreme Court said that;...
"It has been the uniform and constant in the federal judicial tradition for the setencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue".

18 U.S.C. § 3661 states ("No limitation shall be placed on the information" a court can receive and consider for purposes of imposing an appropriate setence). A departure is warranted if the case is "unusual enough for it to fall outside the heartland of cases in the guidelines".

Even when the guidelines were mandatory, they did not "displace the traditional role of the district court in bringing compassion and common sense to the setencing process...In areas where the Setencing Commission has not spoken... district courts should not hesitate to use their discretion in devising setences that provide individualized justice.

## II. Brief Summary

In 2001, the defendant was convicted of Drug Trafficking and Possession in the State of Ohio and charged with a Federal Conspiracy to Distribute Cocaine/Cocaine Base, all overt acts of the same incident resulting in an 18 month setence and a 69 month 15 day setence running concurrent with each other.

In 2000, the defendant and his family had come upon hard times and he chose to make some quick money by selling drugs in order to help out but he became accustomed to making fast money which led to his subsequent arrests and convictions. The defenant knows that even though his intentions were good, his actions were wrong because while he was helping his family he was also hurting other families and breaking the law at the same time. He deeply regrets the shame and hurt that his actions have caused and has warred with himself over that pain often but has strived to change for the better. Thus, the work of rehabilitation started with getting back into good standing with his family first and then into the good graces of society as a whole later.

The defendants incarceration has caused a lot of stress and strain on his parents, siblings, nieces and nephews, and has caused the dissolvement of the relationship which he had prior to his incarceration due to the distance and locations he has been placed resulting in only one (1) visit during his entire incarceration. The defendant was at USP-Lee County in Virginia, FCI-Gilmer in West Virginia and now at FCI-Waseca in Minnesota which is fifteen hours away from Cincinnati, OH; but he has shown a willingness to rehabilitate hisself by coming into the B.O.P. as a high security level and working his way down to a low security level and within a few months will reach camp status, shich shows an extraordinary effort in itself.

In addition to the excellant behavior exibited by the defendant the last few years, he's worked on furthering his educational and vocational skills by taking certain cources which would be benefical towards him upon his release from prison. (see pg. 4)

The defendant wanted to note that the Honorable Judge Weber was barred by the setencing guidelines from being lenient to him at the time of sentencing, but in U.S.-v-Booker 125 s.ct. 738, 2005 WL 50108 "The Supreme Court held that the guidelines are advisory only, not mandatory". So the defendant is asking the Honorable Judge for that leniency now after a few years, showing where the guidelines have come to help the defendant when the hindered him previously. (U.S.S.G. ch.1 Pt.A comment 4(b) states that a departure proper where conduct "atypical" and "significantly" differs from the norm of conduct covered by the guideline. Furthermore, the guidelines make clear that a court should consider every case, not only in rare circumstances, whether a departure is appropriate. Awareness of ones circumstances and the demonstrated willingness to act to achieve rehabilitation, therby benefitting the individual and society, can remove a case from the heartland of typical cases, thus constituting a valid basis for departure. See § 3E1.1 Acceptance of Responsibility (Application notes 1(g) Post-Conviction Rehabilitive Efforts (e.g. counseling or drug treatment).

Also in U.S.-v-Sally, 116 F3d 76, (3rd Cir. 1997) the court held that "As a baseline, downward departures based on extraordinary efforts are proper provided that the Setencing Court makes factual findings demonstrating that the defendant has achieved real gains in rehabilitating himself and changing his behavior". <u>Id. at 82</u>

Also in U.S.-v-Williams, 65 F3d 301, 309-310 (2nd Cir 1995); the court states, "It's important, too, to realize that departures are an important part of the setencing process because they offer the opprotunity to ameliorate, at least in some aspects, the rigidity of the guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opprotunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence".

### III. Rehabiliative Efforts

The defendant has been on the hard pressed line of gaining not only knowledge of the brain but also knowledge of the soul and spirit that is needed to fuel the brain. There are numerous programs that have evolved the defendant during his incarceration that are listed on pg. 4. Also the defendant has striven to change his negative thinking and behavior in the substance abuse area by attending and completing the forty hour Non-Residential Drug Program and he is currently enrolled in the 500 hour Residential Drug Abuse Program, even though he cannot receive the 12 month setence reduction for completing the class because of a previous conviction in 1993.

### IV. Conclusion

In conclusion the defendant regrets the pain that he has caused his family and society and hopes that it will be seen that his efforts are earnest and sincere in trying to renew hisself since incarceration. The defendant strayed away from his good upbringing as he can never say he did not know better, but that good upbringing has given him a good foundation to return to.

The defendants "Extraordinary Rehabilitative Efforts" should be considered a relative subject, relative to the beginning point of a particular prisoners status and taking into account how he has pulled hisself up durring the period of time he has been in prison. In short, the defendant asserts that the Koon and Williams stand should assign considerable weight to the advances a particular prisoner makes while incarcerated, using as a baseline, his starting point, which in this case would be the date of his arrest.

Finally, the defendant is asking for the courts mercy, and to consider his "Extraordinary Rehabilitative Efforts" for a downward departure from his current setence of (69 months 15 days) to a setence of (63 months). In light, it is not much of a setence reduction, but a very pleasurable amount which would give the defendant a chance to get reintergrated back into society in a timely fashion.

It is submitted that the defendant, Samuel M. Campbell, presents an appropriate canidate for consideration for a downward departure based upon his substantial efforts at rehabilitation.

Respectfully Submitted,

*Sam Campbell*

Sam Campbell   #65658061
FCI-Waseca
P.O. BOX 1731
Waseca, MN   56093

## V. Programs/Rehabilitative Efforts

### Recreational

| | | |
|---|---|---|
| Movie Critics Class | 2003 | USP-Lee County |
| Multilevel Aerobics Class | 2003 | FCI-Gilmer |
| Chess Club | 2005 | FCI-Waseca |

### Educational

| | | |
|---|---|---|
| Certified Laubach Tutor | 2002 | (Madison Correctional Institution OH) |
| Heart Healthy Class | 2003 | USP-Lee County |
| Career Development Class | 2003 | USP-Lee County |
| Business Class | 2003 | FCI-Gilmer |
| Real Estate Class | 2003 | FCI-Gilmer |
| Spanish I Class | 2004 | FCI-Gilmer |
| Introduction to AC & refrigeration systems class (HVAC) | 2004 | FCI-Gilmer |
| Keyboarding Class | 2005 | FCI-Gilmer |
| Residential Contracting Class | 2005 | FCI-Gilmer |
| Commercial Drivers License Class | 2005 | FCI-Gilmer |
| Personal Finance | 2005 (Currently Attending) | FCI-Waseca |
| Word Processing | 2005 (Currently Attending) | FCI-Waseca |
| Real Estate II | 2005 (Currently Attending) | FCI-Waseca |

### Substance Abuse Classes

| | | |
|---|---|---|
| (40 hour) Non-Residential Drug Education Class | 2004 | FCI-Gilmer |
| (500 hour) Residential Drug Abuse Program RDAP (graduates on Jan. 10, 2006) | 2005 | FCI-Waseca |
| A.A. and N.A. (currently attending) | 2005 | FCI-Waseca |

### Vocational

| | |
|---|---|
| Construction Class (Professional Career Development Institute PCDI) | 2005 |

Honorable Judge Weber;

My name is Samuel M. Campbell, I am currently incarcerated at FCI-Waseca In Minnesota for Conspiracy to Possess with intent to Distribute Cocaine/Cocaine Base. My case number is CR-1-01-32-06.

I am writing you to personally ask that you grant my motion for post conviction relief that I have recently filed with the Clerk of Courts.

At setencing, my family had written letters and also stood in the courtroom pleading for your leniency and you said that you had to strictly adhere to the guidelines when setencing me. Now, four years later with the Supreme Court ruling thatthe guidelines are only advisory, not manditory, you have the ability to show that leniency now.

I am only asking for six months and 15 days to be squashed, that would allow me to get out in late 2006 instead of early 2007. I know that selling drugs is wrong and I apologize for that. I ahve done almost 75 percent of my time and Judge Weber, I honestly want to get on with my life outside of prison. I want to do something productive with my time and myself and being incarcerated is not helping me with that, it is hindering me from accomplishing the dreams and goals that I have set for myself upon my release from prison.

As far as my time incarcerated, I have never had an incident report, I have had good work reports, I have been paying my fine, and I started my setence at a level seven USP and I am presently at a low level institution and by the end of the year I will be camp eligible. I have only had one visit from my parents my entire incarceration due to the extreme distances I have been from home and I miss my family a lot.

Also, I have taken the manditory drug class and I am currently taking the 500 hour Residential Drug Abuse Program. I was under the impression at setencing that I could get the year off for completing the class, but upon my entering the class I was notified that I could not receive the year off because of a previous conviction in 1993. Undetered, I still took the class so that I could actually help myself because my whole outlook on life has changed and drugs are not a part of that life.

I have another issies and it deals with the jail time credit that you gave me at setencing. It was a total of nine days, at first I had the days but when they moved me to FCI-Waseca, they took the days away from me and said that you knew you had no authority to give me jail credit. I do not know why they said this because if you had no authority then, you would not have been able to give me any time at all. So my outdate that was 02-04-2007 is now 02-13-2007 because of the days you had no authority giving me.

    In closing, I ask again that when my motion comes before you, that you rule in my favor, and if you do then I am thanking you in advance and telling you that I will not disappoint you or my family. If you do deny my motion, then I thank you still for entertaining my request.

                                        Respectfully Submitted,

                                          *Sam Campbell* (signature)

                                        Sam Campbell   #65658061  
                                        FCI-Waseca  
                                        P.O. BOX 1731  
                                        Waseca, MN   56093