UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                  CR-1-01-32-06

SAM CAMPBELL,

      Defendant.

### ORDER

This matter is before the Court upon defendant's Motion for Reduction of Sentence due to Post-Conviction and Post-Sentencing Rehabilitation (doc. no. 273). Defendant moves for a downward departure from the applicable sentencing guidelines on the theory that he has taken a list of extraordinary steps toward rehabilitation while incarcerated since 2001. He contends this is appropriate under the rulings in United States v. Booker, 543 U.S. 220 (2005) and Koon v. United States, 518 U.S. 81 (1996). He argues that his case is out of the heartland, constituting a valid basis for departure.

Mr. Campbell entered a plea of guilty to Count One of a multi-count indictment, charging him with Conspiracy to distribute cocaine and cocaine base. In the plea agreement, the United States agreed to dismiss seven counts. On January 29, 2002, Mr. Campbell was sentenced in this case to 69 months and 15 days to be served concurrently with his state sentence. He did not appeal.

1

In his motion, the defendant lists his accomplishments while incarcerated, including working his way down to low security level and furthering his educational and vocational skills by taking numerous classes which will benefit him upon release.

The Court is without jurisdiction, however, to revisit the sentence under *Booker*. In the *Booker* decision, the United States Supreme Court stated that its decision applied only to cases on direct review at the time it was decided on January 12, 2005. 543 U.S. at 268. The United States Court of Appeals for the Sixth Circuit has explicitly held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.2005). This decision is in accord with other circuits who have considered the issue. *In re Olopade*, 403 F.3d 159, 162-64 (3d Cir.2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir.2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir.2005).

Mr. Campbell could not be successful even if the Court could address his request. The United States Court of Appeals for the Sixth Circuit considered this issue in *United States v. Worley*, 453 F.3d 706 (6th Cir.2006). Mr. Worley's case was remanded to the district court for re-sentencing in conformity with the *Booker* opinion. He argued that the district court erred in failing to consider his successful efforts at rehabilitation during almost three years that he was incarcerated prior to resentencing. The Court of Appeals held that the remand did not require or permit consideration of factors postdating the original sentencing hearing. It found that the district court had correctly focused on the defendant's activities in relation to the offense, looking at the facts as they existed at the time the original sentence was imposed, and

had appropriately considered the factors listed in 18 U.S.C. § 3553 as required in *Booker*. The Court of Appeals found the defendant's post-sentencing conduct, which the district judge declined to consider, is not a factor listed in § 3553(a), although arguably it could be considered a part of a defendant's "history and characteristics." 453 F.3d at 709. Case law in this circuit previously permitted a sentencing court to depart downward for extraordinary rehabilitative efforts between an original sentencing and subsequent re-sentencing, but only under limited circumstances. *Id.* Even that limited possibility was eliminated by the adoption of the policy statement contained in United States Sentencing Guidelines §5K2.19, which became effective on November 1, 2000, and which provides that "post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment . . are not an appropriate basis for downward departure when re-sentencing the defendant for the same offense. *Id.*

Mr. Campbell's case was not on direct appeal on January 12, 2005. His sentence became final in February, 2002, therefore, *Booker* is not applicable. The *Koon* and downward departure arguments are appropriately made at the time of sentencing.

Accordingly, the Court hereby **DENIES** the Motion (doc. no. 273).

This matter is dismissed and terminated on the docket of this Court.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court

J:\DOCUMENT\2255\CAMPBELL-motionTO REDUCE.wpd